UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY L. N.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>    Defendant. | Case No. 4:22-cv-00119-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of his application for disability insurance benefits. (Dkt. 1). The matter is fully briefed and at issue. (Dkts. 15, 16, 17). Having carefully reviewed the parties' memoranda and the entire administrative record ("AR"), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021.

**MEMORANDUM DECISION AND ORDER – 1**

# BACKGROUND

On September 23, 2019, Plaintiff protectively filed an application for Title II Disability Insurance Benefits for a period of disability beginning January 1, 2019, based upon physical impairments such as back injury/fused spine, epilepsy, and color blindness. (AR 173, 200). His claim was initially denied on December 5, 2019, (AR 61), and again upon reconsideration on May 13, 2020, (AR 73).

On February 9, 2021, a hearing was held before Administrative Law Judge, David Willis ("ALJ"). (AR 28-60). At the hearing, Plaintiff amended the alleged onset date of his disability to August 1, 2019. (AR 34). After considering testimony from Petitioner and a vocational expert, the ALJ issued a decision on March 31, 2021, finding that Plaintiff had not been under a disability since August 1, 2019. (AR 13-23).

Plaintiff requested review by the Social Security Appeals Council, which denied his request for review on January 25, 2022, making the ALJ's decision the final decision of the Commissioner. (AR 1-6). Plaintiff timely appealed this final decision on March 17, 2022. (Dkt. 1).

The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Plaintiff was forty-four (44) years of age at the time of the alleged disability onset. (AR 225). Plaintiff reported completing two years of college and reported past work as a manufacturing packager, farm hand, and EMT first responder. (AR 201).

**MEMORANDUM DECISION AND ORDER – 2**

## THE ALJ'S DECISION[3]

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ determined Petitioner had not engaged in substantial gainful activity since the amended alleged onset date, August 1, 2019. (AR 15). At step two, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease, status post fusion, and obesity. (AR 15). At step three, the ALJ determines whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1

---

[3] *Kennedy v. Colvin*, 738 F.3d 1172 (9th Cir. 2013), sets forth the five-step review process as follows:
> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v).

738 F.3d at 1175.

**MEMORANDUM DECISION AND ORDER – 3**

("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or were medically equal to the criteria of Listing 1.04. (AR 16).

At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the ability to:

> lift/carry/push/pull 10 pounds occasionally, and less than 10 pounds frequently, stand/walk up to 2 hours in an 8-hour workday, and sit up to 6 hours in an 8-hour workday. He can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. He can frequently balance, but only occasionally stoop, kneel, crouch, or crawl. [Plaintiff] must avoid even moderate exposure to unprotected heights and moving mechanical parts. He must avoid concentrated exposure to extreme cold and vibration.

(AR 17-18). In reliance upon testimony from the vocational expert, the ALJ found Petitioner would not be able to perform his past relevant work as a farmer. (AR 22). The ALJ then proceeded to step five and concluded that Plaintiff would be able to perform the requirements of representative occupations such as information clerk, call-out operator, and document preparer, thus finding Plaintiff not disabled. (AR 23).

## ISSUE FOR REVIEW

The following issue is raised on appeal:

1. Whether the ALJ properly evaluated the medical opinion of Steven Lofgran, M.D.

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the final decision of the Commissioner if the decision is supported by substantial evidence and is not the product

of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if

**MEMORANDUM DECISION AND ORDER – 5**

there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. Medical Opinion Evidence

Plaintiff asserts that the ALJ erred in evaluating the medical opinion of Steven Lofgran, M.D. ("Dr. Lofgran). (Dkt. 15).

#### a. Legal Standard

New regulations governing an ALJ's evaluation of medical opinion evidence apply to claims filed on or after March 27, 2017. *See* Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new regulations, the ALJ is no longer required to give deference to any medical opinion, including treating source opinions. *Id.*; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R.

**MEMORANDUM DECISION AND ORDER – 6**

§ 404.1520c(c)(1)-(5). The most important factors in this evaluation process are supportability and consistency.[4] 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how supportability and consistency were considered. 20 C.F.R § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other secondary factors were considered, unless he or she finds that two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same." 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

---

[4] "Supportability" is defined as: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" is defined as: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

**MEMORANDUM DECISION AND ORDER – 7**

### b. Dr. Lofgran's Medical Opinion

Dr. Lofgran began treating plaintiff in September 2019. (AR 312-13). At Plaintiff's appointment on September 30, 2019, Dr. Lofgran noted that Plaintiff "continues to have continuous, unrelenting pain which radiates down both of his legs"; that the pain "is debilitating at this time"; that Plaintiff "has, increasingly, an antalgic gait [that] seems to affect both of his legs, relatively equally"; and that "[h]e is unable to stand or walk for prolonged periods of time." (AR 312). Dr. Lofgran further indicated that Plaintiff was "certainly debilitated" from his "H/O spinal fusion Z98.1" and indicated that Plaintiff "would be a good candidate for disability status based on his present limitations." (AR 312-13).

Plaintiff saw Dr. Lofgran again in October 2020. (AR 360-31). During the visit, Dr. Lofgran noted that Plaintiff "believes his lumbago has improved with a spinal cord stimulator that was installed this summer. For the most part, [Plaintiff] likes it, although it has not brought him complete relief of back pain." (AR 360). Dr. Lofgran further noted that Plaintiff was "doing well with his spinal stimulator" and "continues to follow with pain management." (AR 361). Dr. Lofgran's treatment notes did not discuss Plaintiff's ability to ambulate, sit/stand/shift, stoop, bend, or balance.

On February 2, 2021, Dr. Lofgran completed a checkbox form on behalf of Plaintiff. (AR 366). Dr. Lofgran opined that Plaintiff was "[u]nable to sustain work at this time" and would require an accommodation in order to sit/stand/shift at will, stoop or bend, and balance. (AR 366). Dr. Lofgran indicated that Plaintiff's impairments were expected to last at least twelve months. (AR 366).

**MEMORANDUM DECISION AND ORDER – 8**

### c. The ALJ's Decision

The ALJ found Dr. Lofgran's February 2021 opinion unpersuasive for several reasons. First, the ALJ noted that Dr. Lofgran did "not provide a comprehensive function-by-function analysis of [Plaintiff's] limitations." (AR 21). Instead, he opined that Plaintiff was "unable to sustain work at this time." (AR 21). The ALJ determined that because Dr. Lofgran provided an opinion on an issue reserved for the Commissioner, this statement was an improper medical opinion under 20 C.F.R. 404.1520b(c)(3). (AR 21).

Concerning the remainder of Dr. Lofgran's opinion, the ALJ found it "vague and ambiguous," noting that it was unsupported "by the doctor's own limited physical findings" and inconsistent with "other physical findings in the record, revealing low levels of pain with conservative measures, and no evidence of nerve root impingement or significant spinal stenosis." (AR 21) (first citing AR 312-13, 359-65; then citing AR 307, 310, 314, 318-31, 337-58).

Finally, the ALJ found Dr. Lofgran's opinion inconsistent with Plaintiff's activities of daily living, including his ability to handle personal care, contribute to caring for his family, prepare meals, perform household chores in short intervals, drive a car, travel alone, shop in stores, handle money, watch television, participate in amateur radio, attend church, spend time with family, and socialize with neighbors. (AR 21) (citing AR 232-40).

### d. Analysis

Plaintiff asserts that the ALJ provided insufficient reasons for rejecting the medical opinion of Dr. Lofgran, rendering his supportability and consistency analyses

**MEMORANDUM DECISION AND ORDER – 9**

unsupported by substantial evidence. (Dkt. 15 at 9). As to the factor of supportability, Plaintiff asserts that Dr. Lofgran's treatment notes from October 1, 2019, and October 28, 2020, support the limitations he imposed. (Dkt. 15 at 10). Plaintiff points to notes indicating that he had continuous, unrelenting pain radiating down both of his legs; his pain was debilitating at the time; he had an increasingly antalgic gait that affected both of his legs; and he was unable to stand or walk for prolonged periods of time; and asserts that the ALJ improperly disregarded this evidence when discussing the supportability factor. (*Id.*) As to the ALJ's discussions of the consistency factor, Plaintiff maintains the ALJ erred in two ways: first, Plaintiff asserts the record is highly consistent with Dr. Lofgran's opinion; and second, Plaintiff asserts that the ALJ failed to make clear how the activities of daily living that the ALJ considered are indicative of Plaintiff's ability to do sustained full-time work. (Dkt. 15 at 9, 11). For the reasons that follow, the Court finds that substantial evidence supports the ALJ's decision to disregard Dr. Lofgran's medical opinion as unpersuasive.

     First, based upon a thorough review of Dr. Lofgran's treatment notes and medical opinion, the Court finds that the ALJ's supportability finding is supported by substantial evidence. As Defendant correctly notes, "supportability looks for objective medical evidence in the medical source's findings that lead to the opinion's conclusion." (Dkt. 16 at 6). Here, Dr. Lofgran's medical opinion concerning Plaintiff's ability to work consisted primarily of a standardized, check-the-box form, and the limitations he assessed were unsupported by any reasoning or evidence in the opinion itself. (AR 21). Additionally, while the Court agrees with Plaintiff that Dr. Lofgran's opinion is

**MEMORANDUM DECISION AND ORDER – 10**

supported to an extent by some of his September 2019 treatment notes outlining Plaintiff's "continuous" and "debilitating" leg pain, antalgic gait, and inability to stand or walk for prolonged periods of time, (AR 312), the only limitations Dr. Lofgran assessed pertain to Plaintiff's ability to sit/stand/shift at will, stoop or bend, and balance, and Dr. Lofgran did not clarify to what extent those functions should be limited. Moreover, Plaintiff was most recently seen by Dr. Lofgran in October 2020. (AR 360-61). During that visit, the examination revealed normal objective findings, and Dr. Lofgran noted that Plaintiff's back had improved with a spinal stimulator. (AR 360-61). Dr. Lofgran's treatment notes simply do not support his February 2021 medical opinion. Ultimately, given that Dr. Lofgran provided no explanation for the functional limitations he assessed, and that his most recent treatment notes do not support the few limitations he imposed, the Court finds that substantial evidence supports the ALJ's supportability finding. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject a medical opinion that is conclusory and inadequately supported by clinical findings).

 Second, based upon a thorough view of the evidence and other medical opinions in the record, the Court finds that the ALJ's first consistency finding is also supported by substantial evidence. *See Jamerson*, 112 F. 3d at 1066 (substantial evidence is more than a scintilla but less than a preponderance); *Pierce*, 487 U.S. at 565 ("[Substantial evidence] does not mean a large or considerable amount of evidence."). In making his first consistency finding, the ALJ specifically highlighted evidence revealing "low levels of pain with conservative measures" as well as a lack of evidence of "nerve root impingement or significant spinal stenosis." (AR 21) (citing AR 307, 310, 314, 318-31,

**MEMORANDUM DECISION AND ORDER** – 11

337-58). Substantial evidence supports these findings, including several records reflecting Plaintiff's low levels of pain on medication alone, which he typically rated between 1/10 to 3/10, (AR 319, 327, 338, 351), and after his epidural injection procedure, which he rated 0/10, (AR 325). Even taking into account Plaintiff's alternate interpretation of the evidence, (Dkt. 15 at 11), "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3D 676, 679 (9th Cir. 2005). Accordingly, the Court will uphold the ALJ's first consistency finding based upon substantial evidence.

The ALJ's second consistency finding, however, is not supported by substantial evidence. Plaintiff takes issue with the ALJ's finding that Plaintiff's activities of daily living are inconsistent with Dr. Lofgran's medical opinion, asserting that the ALJ failed to discuss "how activities such as handling money, watching television, participating in amateur radio, and attending church [are] indicative of Plaintiff's ability to do sustained full-time work." (Dkt. 15 at 9).

As Defendant correctly notes, the context of the ALJ's decision reveals that the ALJ was not considering whether Plaintiff's activities of daily living were consistent with his ability to sustain full-time work; rather, in evaluating the medical opinion evidence, the ALJ was analyzing whether such activities were consistent with Dr. Lofgran's opinion that Plaintiff would require an accommodation in order to sit/stand/shift at will, stoop or bend, and balance. (AR 366). Because "[a] conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion," this analysis was appropriate. *Ford v. Saul*, 950 F.3d 1141, 1155

**MEMORANDUM DECISION AND ORDER – 12**

(9th Cir. 2020) (citing *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir 2001)).

While the ALJ did not err in relying on Plaintiff's activities as a basis for discrediting Dr. Lofgran's opinion, the ALJ failed to specify which of these activities contradicted the exertional and/or nonexertional limitations Dr. Lofgran assessed. As such, the Court agrees with Plaintiff that "the ALJ failed to build a logical bridge between the evidence and her conclusion." (Dkt. 15 at 9) (citing *Harrison v. Saul*, No. 4:18-CV-00177-CWD, 2019 WL 4544547, at *7 (D. Idaho Sept. 19, 2019)).

However, where substantial evidence supports the ALJ's other reasons for finding Dr. Lofgran's medical opinion unpersuasive, such error is "inconsequential to the ultimate nondisability determination" and is therefore harmless. *Bray*, 554 F.3d at 1227 (ALJ's reliance on invalid reason to discredit claimant's testimony was "harmless error" where ALJ's other reasons for discrediting the testimony were valid); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting ALJ's determinations [were] not 'relatively minor'"). Accordingly, substantial evidence supports the ALJ's ultimate persuasiveness finding as to Dr. Lofgran's medical opinion.

**MEMORANDUM DECISION AND ORDER – 13**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that:**

1. The Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED**.

2. Judgment shall be **ENTERED** consistent with the above in favor of Defendant.

DATED: August 1, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 14**